```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

                                  *
JOSEPH E. WOOD,
                                  *
    Plaintiff,
                                  *
        v.                                 CIVIL NO.: WDQ-09-3398
                                  *
DEAN A. WALTON, *et al.*,
                                  *
    Defendants.
                                  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Joseph Wood sued Dean Walton, Kinder Morgan Energy Partners, LP ("KMEP") and Kinder Morgan Management, LLC ("KMM") for negligence, and State Farm Mutual Automobile Insurance Company ("State Farm") for breach of contract, in the Circuit Court for Baltimore City.  Wood amended his Complaint to remove KMEP and KMM and add KMGP Services Company, Inc. ("KMGP").  The defendants removed to this Court on the basis of diversity.  For the following reasons, Wood's motion to remand will be denied.

I.   Background

Wood's suit arises out of an August 2008 car accident, allegedly caused by Walton.  Compl. ¶¶ 6-11.  On September 23, 2009, Wood sued Walton, KMEP and KMM, alleging Walton's

negligence and KMEP and KMM's vicariously liability.[1]  *Id*. ¶¶ 19-27.  Wood also sued his insurer, State Farm, for failing to honor his uninsured motorist coverage.  *Id*. ¶¶ 12-17.  The Complaint alleged that Wood was a "resident"[2] of Baltimore County, Maryland; Walton was a "resident" of Jefferson County, Louisiana; State Farm "routinely engage[d] in business in Baltimore City, Maryland"; and KMEP[3] and KMM "engage[d] in business in Baltimore City."  *Id*. ¶¶ 1-5.

On November 13, 2009, Wood amended his Complaint, dropping claims against KMEP and KMM, and adding KMGP.  Paper No. 6.  The Amended Complaint alleges that KMGP "engages in business in

---

[1] The Complaint alleges that Walton was KMEP and KMM's agent when the accident occurred.  Compl. ¶¶ 18-21.

[2] It should be noted that diversity of citizenship, not diversity of residency, is what determines diversity jurisdiction.  *See Dyer v. Robinson*, 853 F. Supp. 169, 172 (D. Md. 1994).  A natural person is a citizen of the state in which he is "domiciled," *i.e.*, where he physically resides and intends to remain.  *See id*.  As no party has attached significance to the distinction, the Court will proceed as if the Complaint had alleged citizenship rather than residency.

[3] KMEP is a Delaware Master Limited Partnership, with its principal place of business in Houston, Texas.  Defs.' Opp. Mot. to Remand, Ex. 1 (Joe Listengart Aff. ¶ 2, Jan. 8, 2010). A master limited partnership is a limited partnership whose interests (known as "common units") are publicly traded.  *See generally* Ann E. Conaway Stilson, *The Agile Virtual Corporation*, 22 Del. L. Corp. L. 497, 524-25 (1997).  When the Complaint was filed, at least one KMEP limited partner was a citizen of Maryland.  *Id*., Ex. 2 (William R. Dorsey, III Aff. ¶¶ 1-3, Jan. 8, 2010).

Baltimore City." Amend Compl. ¶ 4. On December 18, 2009, the defendants removed to this Court on the basis of diversity. Paper No. 1. The Notice of Removal alleges that when the Complaint was filed, there was not diversity among the parties, but the case became removable when Wood filed the Amended Complaint. Not. of Removal ¶¶ 1-3. On December 22, 2009, Wood moved to remand, arguing that removal was untimely. Paper No. 14.

II. Analysis

    A. Motion to Remand under 28 U.S.C. § 1447(c)

    Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing where such action is pending." To remove a case, the defendants must file a notice of removal in the district court within 30 days after receiving the initial pleading. 28 U.S.C. § 1446(a)-(b) (2006). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant[s] . . . of . . . an amended pleading . . . from which it may first be ascertained that the case . . . has become removable[.]" *Id*. § 1446(b). Because removal raises

"significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).

Wood argues that the case should be remanded because the defendants did not remove within 30 days after receiving the Complaint on September 23, 2009. He contends that the case was removable as originally filed because there was complete diversity among the parties. The defendants respond that KMEP is a citizen of Maryland; because Wood is also a Maryland citizen, the original parties were not diverse. They contend that there was complete diversity only after Wood dropped claims against KMEP. Because the Amended Complaint was received by the defendants on November 20, 2009, they argue that the December 18, 2009 removal was timely.

As the Supreme Court explained in *Carden v. Arkoma Associates*, a limited partnership takes the citizenships of its general and limited partners. 494 U.S. 185, 195-96. When the Complaint was filed, at least one KMEP limited partner was a citizen of Maryland. *Id.*, Ex. 2 (William R. Dorsey, III Aff. ¶¶ 1-3, Jan. 8, 2010). Accordingly, KMEP was a citizen of Maryland. As a defendant, KMEP would have deprived this Court of diversity jurisdiction. The case did not become removable

4

until KMEP was no longer a defendant.  Because the Notice of Removal was filed within 30 days of the defendants' receipt of the Amended Complaint, the removal was timely.

    Accordingly, Wood's motion to remand will be denied.

<u>February 2, 2010</u>                        <u>        /s/                </u>
Date                                           William D. Quarles, Jr.
                                              United States District Judge