IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

JOSEPH E. WOOD,

    Plaintiff,

       v.                     CIVIL NO.: WDQ-09-3398

DEAN A. WALTON, *et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Joseph Wood sued Dean Walton and KMGP Services Company, Inc. ("KMGP") for negligence and State Farm Mutual Automobile Insurance Company for breach of contract.[1] Pending is Wood's motion for summary judgment on the issue of Walton's liability. For the following reasons, the motion will be granted.

I. Background

Wood's suit arises out of an August 2008 car accident, after which Walton was prosecuted in Maryland state court for driving under the influence and failure to stop at the scene of an accident involving bodily injury. *See* Mot. for Summ. J., Ex. A (Transcript of Proceedings before the Circuit Court for

---

[1] Wood sued in the Circuit Court for Baltimore City; the Defendants removed to this Court on the basis of diversity. Paper No. 1.

1

Baltimore County, Mar. 27, 2009). On March 27, 2009, the case was tried on an agreed statement of facts before the Honorable Vicki Ballou-Watts of the Circuit Court for Baltimore County. *Id*. 17:2-5.

In the statement of facts, Walton admitted that while travelling northbound on North Point Boulevard in Baltimore County, Maryland, he ran a red light and struck Wood--who had the right of way--causing severe injuries. *Id*. 14:23-16:1. Walton continued driving, but eventually lost control of his car and crashed into a nearby ditch. *Id*. 15:18-24. Police arrived shortly thereafter and, upon approaching Walton, noted the smell of alcohol on his breath. *Id*. 14:1-3. After administering field sobriety tests, the police arrested Walton on suspicion of drunk driving. *Id*. 14:19-22. Within two hours of his arrest, Walton was given a breathalyzer test, which showed a blood-alcohol level of 0.25, more than three times the legal limit. *Id*. 16:9-18.[2]

The court found Walton guilty on both charges and proceeded directly to sentencing. *Id*. 17:2-5. During allocution, Walton

---

[2] Wood has submitted an affidavit that recites many of the same facts that were adduced at the criminal trial: (1) on August 4, 2008, he was driving southbound on North Point Boulevard and attempted to turn left on a green arrow; (2) Walton, who was driving northbound, ran the red light and crashed into him; and (3) he was seriously injured in the crash. Joseph Edward Wood Aff. ¶¶ 1-5.

again admitted to driving drunk, but stated that he "[could not] say . . . whether [he] ran a red light or not" because he was drunk. *Id*. 34:1-12. Walton then stated that "he thought it was green at the time." *Id*. 34:11. The court sentenced him to two years' imprisonment, with one year suspended. *Id*. 41:19-25.

On September 23, 2009, Wood sued Walton, Kinder Morgan Energy Partners, LP ("KMEP") and Kinder Morgan Management, LLC alleging Walton's negligence and KMEP and KMM's vicarious liability. Paper No. 2. Wood also sued his insurer, State Farm, for failing to honor his uninsured motorist coverage. *Id*. On November 13, 2009, Wood amended his Complaint, dropping claims against KMEP and KMM, and adding KMGP. Paper No. 6. The Defendants then removed to this Court on the basis of diversity. Paper No. 1. The Court denied Wood's motion to remand on February 2, 2010. Paper No. 31. On February 26, 2010, Wood moved for summary judgment on the issue of Walton's liability. Paper No. 35.

II. Analysis

    A. Standard of Review

Under Rule 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as

3

a matter of law." Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court also "must abide by the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003).

1. The Need for Further Discovery

Walton argues that Wood's motion should be denied because more time is needed for discovery.  Rule 56(f) permits a court to deny summary judgment or order a continuance if the nonmovant shows through affidavits that he may not properly oppose a motion for summary judgment.  Fed. R. Civ. P. 56(f); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996).  The

Fourth Circuit "place[s] great weight on the Rule 56(f) affidavit." *Evans*, 80 F.3d at 961. "A party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when [he] failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." *Id.*

Walton has not filed a Rule 56(f) affidavit. He merely states in his opposition that he has propounded discovery upon Wood and would like to depose the witnesses to the accident. This is an insufficient basis for denying Wood's motion.

2. Negligence

Wood argues that he is entitled to summary judgment on the issue of liability because the agreed statement of facts in the criminal case and his affidavit show that Walton is liable for negligence. To prevail on a negligence claim, a plaintiff must show (1) a duty owed by the defendant to protect the plaintiff from injury, (2) a breach of that duty, and (3) injury to the plaintiff that (4) proximately resulted from the defendant's breach of duty. *Brown v. Dermer*, 357 Md. 344, 356, 744 A.2d 47, 54 (2000), *overruled in part on other grounds by Brooks v. Lewin Realty III, Inc.*, 378 Md. 70, 835 A.2d 616 (2003). Wood contends that by driving drunk and running the red light, Walton breached the duty of due care, causing Wood's injuries.

Walton does not dispute that he was drunk at the time of the accident or that he caused Wood's injuries.  However, he argues that summary judgment is inappropriate because there is an issue of fact about whether he ran the red light.[3]  He asserts that the agreed statement of facts from the criminal case is inaccurate and "contradicted" by his statement during allocution denying knowledge of running the red light.[4]  He argues that his contradictory statements raise a genuine issue of material fact about his liability.

A nonmoving party cannot create an issue of fact by making contradictory statements.[5]  But even assuming that this were

---

[3] Walton has cited his general denial of liability in his answer. Under Rule 56(e)(2), "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must--by affidavits or as otherwise provided in [Rule 56] set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56.  Walton's denial of liability in his answer is thus insufficient to create a genuine issue of material fact.

[4] Walton notes that under Maryland law, a criminal conviction is not conclusive of the facts underlying it in a subsequent civil proceeding. *See, e.g.*, *Eagan v. Calhoun*, 347 Md. 72, 698 A.2d 1097, 1104 (Md. 1997).  However, although a conviction may not be treated as resolving the question of liability in a civil case, admissions made by the defendant in a criminal case may be considered as evidence of liability in a civil case. *See Johnson v. Hebb*, 729 F. Supp. 1524, 1527 (D. Md. 1990).  The agreed statement of facts was an admission by Walton of the facts stated therein.

[5] *Cf. Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984) ("A genuine issue of material fact is not created whe[n] the

permitted, Walton's statement during allocution would not raise an issue of fact because he did not dispute the evidence that he ran the red light; he merely denied having done so knowingly. A plaintiff suing for negligence need not prove that the defendant *knew* his actions were in breach of the duty to use ordinary care; the issue is merely *whether* the defendant failed to use ordinary care. That Walton was too drunk to realize he ran the red light is not a basis upon which a reasonable jury could find in his favor; if anything, it supports Wood's claim.

Walton also notes that the statements of two witnesses who were interviewed after the accident do not mention his having run the red light.[6] He appears to argue that a jury could conclude that if he had run the red light, the witnesses would have said so. "The nonmoving party . . . cannot create a genuine issue of material fact through . . . the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th

---

only issue of fact is to determine which of the two conflicting versions of the [non-moving party's] testimony is correct").

[6] The first statement reads, "I was sitting at intersection. Heard tire squeal. Saw red car strike a man on a silver motorcycle and car kept going[.] motorcycle driver did cartwheel after being struck[.] motorcycle was 3rd vehicle in line going through light." Def.'s Opp., Ex. 5 (Statement of William Berber, Aug. 4, 2008). The second reads, "[I] heard wheels squeal. I looked in my rearview mirror and saw a vehicle heading through the light at North Point Blvd. hit a motorcycle." *Id.*, Ex. 6 (Statement of Barbara McCullough, Aug. 4, 2008).

Cir. 1985). The witness statements do not rebut the agreed statement of facts in the criminal trial or Wood's affidavit, both of which state that Wood had the right of way when Walton hit him. At most they are a "mere scintilla" of evidence, which is not sufficient to withstand summary judgment. *See, e.g.*, *Jennings v. Univ. of N.C.*, 444 F.3d 255 (4th Cir. 2006).

Walton has failed to show a genuine issue of material fact about whether he is liable to Wood. Accordingly, Wood's motion for summary judgment will be granted.


<u>May 21, 2010</u>                                _____/s/_____
Date                                                 William D. Quarles, Jr.
                                                       United States District Judge