IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<table>
<tr><td>JOSEPH E. WOOD,</td><td>*</td><td></td></tr>
<tr><td>Plaintiff,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>v.</td><td>*</td><td>CIVIL NO.: WDQ-09-3398</td></tr>
<tr><td>DEAN A. WALTON, <em>et al.</em>,</td><td>*</td><td></td></tr>
<tr><td>Defendants.</td><td>*</td><td></td></tr>
</table>

*    *    *    *    *    *    *    *    *    *    *    *    *

<table>
<tr><td>JOSEPH E. WOOD,</td><td>*</td><td></td></tr>
<tr><td>Plaintiff,</td><td>*</td><td></td></tr>
<tr><td></td><td></td><td>CIVIL NO.: WDQ-10-3422</td></tr>
<tr><td>v.</td><td>*</td><td></td></tr>
<tr><td>DEAN A. WALTON, <em>et al.</em>,</td><td>*</td><td></td></tr>
<tr><td>Defendants.</td><td>*</td><td></td></tr>
</table>

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Joseph E. Wood sued Dean A. Walton, KMGP Services Company,
Inc. ("KMGP"), and ACE American Insurance Company ("ACE") for
insurance coverage for injuries caused by Walton. For the
following reasons, ACE's motion to dismiss and Wood's motion to
order a deposition will be denied; and Wood's motion to amend
the complaint and the KMGP and ACE motions to stay will be
granted.

I.    Background[1]

KMGP is a Delaware company with its principal place of business in Texas. WDQ-10-3422 [hereinafter Decl. Action], ECF No. 1 ¶ 8. In August 2008, ACE[2] issued a business automobile insurance policy to KMGP (the "ACE Policy"). Dillard Aff. ¶ 2.[3] The ACE Policy covers an "insured" who is legally obligated to pay damages "caused by an accident and resulting from the ownership, maintenance[,] or use of a covered auto." ACE Policy 20-21. An "insured" includes KMGP, and "[a]nyone else while using with [KMGP's] permission" a car that KMGP rents. *Id.* Under the ACE Policy, KMGP must pay damages within the "Deductible Per Accident," which is $1 million. *Id.* at 41. ACE must pay only damages that exceed the Deductible Per Accident. *Id.*

In summer 2008, KMGP hired Walton[4] as a temporary crane operator in Baltimore. Decl. Action, ECF No. 23 at 3.[5] His shift was from 7 p.m. to 7 a.m. *Id.* at 3-4. KMGP supplied

---

[1] For ACE's motion to dismiss, the well-pled allegations in Wood's complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

[2] A Pennsylvania citizen. Decl. Action, ECF No. 1 ¶ 8.

[3] The ACE Policy was delivered to and the premiums were paid from Texas. Dillard Aff ¶ 3.

[4] A Louisiana citizen. Decl. Action, ECF No. 1 ¶ 6.

[5] That year, KMGP maintained a policy that prohibited employees from drinking alcohol and driving a company vehicle. Decl. Action, ECF No. 23, Ex. B at 6; Crescenzo Aff. ¶ 4.

Walton with a rental car and a hotel room for his Baltimore stay. *Id.* at 3.

On August 4, 2008, Walton drove to a Baltimore bar after his shift and drank alcohol for several hours. *Id.* Although he knew he was drunk, Walton drove back to his hotel in the rental car. WDQ-09-3398 [hereinafter Tort Case], ECF No. 42 at 2-3. Walton ran a red light and collided with Wood,[6] who was turning through an intersection on a motorcycle. Decl. Action, ECF No. 23 at 3. Wood was severely injured. Tort Case, ECF No. 48 at 1-2.[7]

On September 23 and November 13, 2009, Wood sued Walton for negligence, KMGP for vicarious liability and negligent entrustment, and others in the Circuit Court for Baltimore City (the "Tort Case"). On December 18, 2009, the case was removed to this Court on the basis of diversity jurisdiction. Tort Case, ECF No. 1. On February 3, 2010, the Court issued a scheduling order, under which amendments to pleadings were due by March 22, 2010. Tort Case, ECF No. 33 at 2.

On May 21, 2010, the Court granted summary judgment to Wood on the issue of Walton's liability, finding that Walton had negligently injured Wood. Tort Case, ECF No. 42 at 8.

---

[6] A Maryland citizen. Decl. Action, ECF No. 1 ¶ 5.

[7] Wood suffered serious leg, urological, and facial injuries. Tort Case, ECF No. 48 at 1-2.

On September 3, 2010, Wood moved to stay the Tort Case pending a declaratory action that he intended to file. Tort Case, ECF No. 48. On September 20, 2010, KMGP opposed that motion. Tort Case, ECF No. 49. On September 23, 2010, Wood filed his reply, and stated that his injuries "would not likely exceed" $1 million. Tort Case, ECF No. 53 at 2.

On October 14, 2010, Wood filed a complaint for declaratory judgment in the Circuit Court for Baltimore County against Walton, KMGP, ACE, and others (the "Declaratory Action"). Decl. Action, ECF No. 2.

On October 22, 2010, Walton was deposed. *See* Tort Case, ECF No. 58. On November 9, 2010, Wood moved to file a second amended complaint in the Tort Case, seeking to add a "negligent supervision" claim based on facts learned during Walton's deposition. *See id.* On November 29, 2010, KMGP opposed that motion. Tort Case, ECF No. 61.

On December 6, 2010, the Declaratory Action was removed to this Court on the basis of diversity jurisdiction. Decl. Action, ECF No. 1. That day, Wood moved for summary judgment. Decl. Action, ECF No. 4. On December 13, 2010, ACE moved to dismiss for failure to state a claim, or stay. Decl. Action, ECF No. 20. On December 20, 2010, Wood opposed that motion. Decl. Action, ECF No. 21.

On December 20, 2010, KMGP and ACE opposed Wood's motion

4

for summary judgment, and moved to stay. Decl. Action, ECF Nos. 23-24. On December 29, 2010, Wood filed his replies and opposed the motions to stay. Decl. Action, ECF No. 25-27. On January 3, 2011, ACE filed its reply on its motion to dismiss or stay. Decl. Action, ECF No. 28.

On June 14, 2011, Wood moved for an order that ACE make a representative available for a deposition in the Declaratory Action. Decl. Action, ECF No. 30. On June 27, 2011, ACE opposed that motion. Decl. Action, ECF No. 31.

II. Analysis

  A. ACE's Motion to Dismiss the Declaratory Action for Failure to State a Claim

    1. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).

Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with' a defendant's liability"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" the plaintiff is entitled to relief. *Id.* at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)).

"[W]he[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief." *Id.* (citation and internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v.*

*Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

2. The Parties' Arguments

Wood alleges that because Walton injured him while driving a car rented by KMGP, Walton is an "insured" under the ACE Policy. *See* Decl. Action, Compl. ¶¶ 8, 15. Wood seeks a declaratory judgment that Walton is covered by the ACE Policy, and Wood is a third-party beneficiary under it. *See id.*

In moving to dismiss, ACE argues that even if Walton is covered by the policy, ACE need only pay damages that exceed the $1 million Deductible Per Accident. Decl. Action, ECF No. 20 at 7-8. ACE asserts that Wood has not alleged damages over $1 million, and he indicated in a reply in the Tort Case that his injuries were "not likely" to exceed that amount. *Id.* (*citing* Tort Case, ECF No. 53 at 2).[8]

As Wood notes, he does not allege that ACE must make payments, but that Walton is an "insured" under the ACE Policy, and Wood is the third-party beneficiary. *See* Decl. Action, Compl. ¶¶ 8, 15; ECF No. 21 at 1-2. Accepting those facts as

---

[8] ACE also asserts that the Declaratory Action is not ripe under the Declaratory Judgment Act, 28 U.S.C. § 2201, because KMGP's liability remains unresolved. Decl. Action, ECF No. 20 at 8-9. These concerns will be discussed in Part II.C.2.c.

true, KMGP must pay up to $1 million under the ACE Policy for Wood's injuries, and ACE must pay any excess. *See Mylan*, 7 F.3d at 1134; ACE Policy 41. Thus, because Wood has stated a claim for relief under the ACE Policy, ACE's motion to dismiss the Declaratory Action must be denied.[9]

  B. Wood's Motion to Order an ACE Representative's Deposition
     in the Declaratory Action

Wood moves the Court to order ACE to make a representative available for a deposition. Decl. Action, ECF No. 30 at 1. He asserts that this deposition would "likely conclude" the Declaratory Action and Tort Case. *Id.* ACE argues that Wood's request is premature because there is no scheduling order. Decl. Action, ECF No. 31 at 2.

Unless otherwise ordered by the Court, discovery may not begin until a scheduling order has been entered. Local Rule 104.4. The Court has not entered one.[10] Further, as will be explained in Part II.C, KMGP's Tort Case liability remains unresolved, and Wood has not explained how an ACE representative's

---

[9] It should be noted that even if Wood's statement about his expected damages were relevant, the Court generally "does not consider [material] outside the Complaint on a motion to dismiss." *Oce N. Am., Inc. v. MCS Servs., Inc.*, 748 F. Supp. 2d 481, 488 n.4 (2010).

[10] *See, e.g.*, *Madison v. Harford Cnty.*, 268 F.R.D. 563, 565 (D. Md. 2010) (plaintiffs' discovery efforts were premature because, *inter alia*, no scheduling order had been issued (*citing*, *inter alia*, Local Rule 104.4)).

deposition would be dispositive in that case or the Declaratory Action. Wood's motion will be denied.

C. KMGP and ACE's Motions to Stay the Declaratory Action

1. Standard of Review

A district court's authority to stay an action is "'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Int'l Nickel Co. v. Martin J. Barry, Inc.*, 204 F.2d 583, 586 (4th Cir. 1953) (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). The decision to stay depends on "the facts and circumstances in each particular case," and is committed to the Court's discretion. *Beck v. Commc'ns Workers of Am.*, 468 F. Supp. 87, 91 (D. Md. 1979).

2. KMGP and ACE's Motions

a. Choice of Law

In a diversity case, the choice of law rules are those of the state in which the district court sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941). Maryland follows the *lex loci contractus* rule, under which "the law of the jurisdiction where the contract was made controls its validity and construction." *Kramer v. Bally's Park Place, Inc.*, 311 Md. 387, 390, 535 A.2d 466, 467 (1988). An insurance policy is made in the "state in which the policy is delivered and the premiums are paid." *Aetna Cas. & Sur. Co. v. Souras*, 78 Md. App. 71, 77,

552 A.2d 908, 911 (1989). Because the ACE Policy was delivered to, and the premiums were paid from, Texas, Dillard Aff. ¶ 3, Texas law governs its interpretation.[11]

In tort cases, Maryland follows *lex loci delicti*, which applies the law of the place where the injury occurred. *Lab. Corp. of Am. v. Hood*, 395 Md. 608, 615, 911 A.2d 841, 845 (2006). Because Wood was injured in Maryland, Maryland law governs his vicarious liability and other tort claims.[12]

b. The Declaratory Judgment Act[13]

Under the Declaratory Judgment Act:

> In a case of actual controversy . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

Normally, a district court should consider a declaratory judgment action when it finds that the relief sought will "serve a useful purpose in clarifying and settling the legal relations

---

[11] *See, e.g., Souras*, 78 Md. App. at 77, 552 A.2d at 911; *St. Paul Fire & Marine Ins. Co. v. Advanced Interventional Sys., Inc.*, 824 F. Supp. 583, 584 (E.D. Va. 1993).

[12] *See, e.g., Al-Quraishi v. Nakhla*, 728 F. Supp. 2d 702, 762-63 (D. Md. 2010); *Nugent v. Curry*, 908 F. Supp. 309, 311-12 (D. Md. 1995).

[13] The Declaratory Action is governed by the federal Declaratory Judgment Act because the case was removed to this Court. *See First Nationwide Mortg. Corp. v. FISI Madison, LLC*, 219 F. Supp. 2d 669, 672 & n.1 (D. Md. 2002).

in issue," and "terminate and afford relief from the uncertainty,
insecurity, and controversy giving rise to the proceeding."
*Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994)
(citation and internal quotation marks omitted). Declaratory
actions should not be entertained "to try particular issues
without settling the entire controversy," or "interfere with an
action which has already been instituted." *Allied-Gen. Nuclear
Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 (4th Cir.
1982). Declaratory judgments to "resolve issues in pending tort
cases should be rare." *Nautilus Ins. Co. v. BSA Ltd. P'ship*,
602 F. Supp. 2d 641, 649 (D. Md. 2009).

 c. The Parties' Arguments

 In his complaint and motion for summary judgment, Wood seeks
a declaration that the ACE Policy covers Walton. *See* Decl. Action,
Compl. ¶ 15; ECF No. 4 at 5. ACE and KMGP argue that resolving
the Declaratory Action before the Tort Case may create a conflict
because the proceedings contain overlapping issues. Decl. Action,
ECF No. 20 at 10-11; ECF No. 23 at 9; ECF No. 24 at 6. They
seek to stay the Declaratory Action pending the outcome of the
Tort Case. Decl. Action, ECF No. 20 at 11; ECF No. 23 at 9; ECF
No. 24 at 5, 11.

 The ACE Policy covers "[a]nyone . . . while using with
[KMGP's] permission" a car that KMGP rents. ACE Policy 20-21.
This type of clause, which covers an employee while using a

11

company vehicle with the insured's permission, is a "permissive use" clause. *See, e.g.*, *Royal Indem. Co. v. H. E. Abbott & Sons, Inc.*, 399 S.W.2d 343, 345 (Tex. 1966). Under Texas law, a permissive use clause covers an employee if he used the car "within the scope of [the insured's] permission." *Coronado v. Emp'rs Nat. Ins. Co.*, 596 S.W.2d 502, 504 (Tex. 1979). Such a clause does not cover an employee who "materially deviated" from the scope of permission. *Id.* In determining whether the deviation was "material," courts consider the extent of the deviation, the purpose for which the employee was given use of the vehicle, and other case-by-case factors. *Id.* at 504-05.

In the underlying Tort Case, Wood has sued KMGP for, *inter alia*, vicarious liability. Tort Case, Am. Compl. ¶¶ 18-22. Under Maryland law, an employer is vicariously liable for an employee's acts taken "within the scope of [his] employment," and to "further [the] business purpose of his employer."[14]

Thus, to resolve whether the ACE Policy covers Walton as a permissive user in the Declaratory Action or whether KMGP is vicariously liable for Walton's negligence in the Tort Case, it must be determined whether Walton was using the car to accomplish a KMGP-related purpose when he drove drunk and negligently

---

[14] *Kuykendall v. Top Notch Laminates, Inc.*, 70 Md. App. 244, 249-50, 520 A.2d 1115, 1117 (1987) (*citing*, *inter alia*, *Watson v. Grimm*, 200 Md. 461, 90 A.2d 180 (1952)).

injured Wood.[15] Accordingly, the Declaratory Action and the Tort

Case require resolution of the same issue of "purpose." If the

Court decides that Walton was not a permissive user in the

Declaratory Action, it will have found that Walton was not using

the car for a business-related purpose. However, a jury might

find in the Tort Case that Walton *was* using the car for such a

purpose. Instead of "settling the legal relations in issue,"

*Fuscardo*, 35 F.3d at 965, considering the Declaratory Action now

would risk "interfer[ing]" with the pending Tort Case by creating

a potential conflict, *Allied-Gen.*, 675 F.2d at 611.[16]

Thus, to prevent such inconsistencies, ACE and KMGP's

motions to stay will be granted.[17] The Declaratory Action will

---

[15] *Compare Coronado*, 596 S.W.2d at 503, 505-06 (drunk employee
who caused a collision while driving the employer's truck was
not covered by a permissive use clause; he had materially deviated
from the scope of permission by using the truck for non-business
purposes), *with Kuykendall,* 70 Md. App. at 246, 249-50, 520 A.2d
at 1115, 1117 (employer was not vicariously liable for an employee
who caused a collision after getting drunk at a company party;
the employee had not been driving to "further [his employer's]
business purpose").

[16] *See, e.g.*, *Penn Mut. Life Ins. Co. v. Berck*, No. DKC-09-0578,
2010 WL 3294305, at *3 (D. Md. Aug. 20, 2010) (declining to consider
declaratory action that "parallel[ed]" the relief sought in another
pleading; the parties and the Court should not be "force[d] . .
. to handle the same issues twice").

[17] *See, e.g.*, *Nautilus*, 602 F. Supp. 2d at 649 (cautioning that
declaratory actions that resolve issues in pending tort suits
should "rare[ly]" be decided); *Nationwide Mut. Ins. Co. v.
Cont'l Cas. Co.*, 87 Md. App. 261, 264, 267, 271-72, 589 A.2d
556, 558-59, 561-62 (1991) (while underlying tort action regarding
employer's vicarious liability was pending, lower court improperly

13

be stayed pending the resolution of the Tort Case.[18]

    D. Wood's Motion to File a Second Amended Complaint in the
       Tort Case

    Wood has moved to amend his complaint in the Tort Case.
Tort Case, ECF No. 58 at 1. His current complaint alleges that
KMGP "negligently entrusted" Walton with the rental car, and
"knew or should have known that [Walton] was an unsafe [driver
because of, *inter alia*, his] use of alcohol." Tort Case, Am.
Compl. ¶¶ 21-22. Wood seeks to add a "negligent supervision"
claim to "more accurately reflect liability exposure as described
by [Walton] in his [October 22, 2010] deposition." Tort Case,
ECF No. 58 at 1. Wood's proposed amendments allege that Walton
regularly drank alcohol during and after work, and KMGP knew or

---

granted declaratory judgment that employee was a non-permissive
user of company car; because the "facts that determine [permissive
use] are so intertwined with those determining [vicarious lia-
bility] as to be practicably inseparable," a "conflicting decision"
in the tort case could result, and the proper procedure was to
initiate a declaratory action "*after* the rendition of the jury's
verdict or court's decision regarding [the employer's] liability"
(emphasis added)).

[18] Accordingly, Wood's motion for summary judgment in the Declar-
atory Action, ECF No. 4, will be administratively closed subject
to re-opening pending the outcome of the Tort Case.

    In light of the Court's decision to stay the Declaratory
Action, Wood's motion to stay the Tort Case pending resolution of
the Declaratory Action will be denied as moot. *See* Tort Case,
ECF No. 48. As discussed in this Part, deciding the Declaratory
Action before the Tort Case may create a conflict because the
factual issues about whether the ACE Policy covers Walton as a
permissive user overlaps with whether KMGP is vicariously liable
for his negligence.

should have known that he would drive the rental car drunk. *See id.*, Ex. 1 ¶¶ 21-26.

KMGP argues that Wood has moved to amend after the scheduling order deadline, without good cause, and without attempting to obtain consent.[19] Tort Case, ECF No. 61 at 2. KMGP also argues that the proposed amendments would be prejudicial, and requests 60 more days of discovery if Wood's motion is granted. *Id.* at 6.

If the scheduling order deadline to amend the pleadings has passed, the moving party must first satisfy Fed. R. Civ. P. 16(b). *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373 (D. Md. 2002); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." If the movant satisfies the "good cause" requirement, he "then must pass the tests for amendment under [Fed. R. Civ. P.] 15(a)." *Rassoull*, 209 F.R.D. at 373.

Rule 16(b)'s good cause requirement focuses on the movant's diligence, the timeliness of the amendment, and reasons for the late submission. *Rassoull*, 209 F.R.D. at 373-74. Good cause

---

[19] Local Rule 103.6.d provides that "[b]efore filing a motion requesting leave to file an amended pleading, counsel shall attempt to obtain the consent of other counsel." The Court will "consider [Wood's motion in the interest of] judicial efficiency." *Coogan v. Cornet Transp. Co.*, 199 F.R.D. 166, 166-67 (D. Md. 2001). However, this decision "should not be construed as excusing" non-compliance with the Local Rules, *id.* at 167, which should be followed in the future.

may be found when the "plaintiff uncover[s] previously unknown facts during discovery that would support an additional cause of action."[20] Although the scheduling order deadline for amending the pleadings was March 22, 2010, Wood was unaware that Walton drank alcohol during and after work until the October 22, 2010 deposition. *See* Tort Case, ECF No. 66 at 1. Wood, who asserts that he sought leave "as soon as the facts [from that] deposition made it clear that amendment would be appropriate," moved to add the negligent supervision claim about two-and-a-half weeks later on November 9, 2010. *Id.*; ECF No. 58.[21] Wood has demonstrated good cause.

Under Rule 15(a)(2), leave to amend should be "freely" granted unless the amendment would be prejudicial, futile, or reward bad faith. *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). Despite KMGP's contentions, granting Wood's motion to amend would not create prejudice or necessitate more discovery. *See* Tort Case, ECF No. 61 at 2. Prejudice occurs when the amendment raises a new legal theory shortly before trial that requires the defendant to gather and

---

[20] *Forstmann v. Culp*, 114 F.R.D. 83, 86 n.1 (M.D.N.C. 1987) (*citing Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1044 (4th Cir. 1984)).

[21] *See, e.g., Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 770 (D. Md. 2010) (good cause existed to amend complaint after a deposition revealed "facts allegedly unknown to [the plaintiffs]").

16

consider new facts. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). A Maryland negligent supervision claim must show that the employer knew or should have known about the incompetence of an employee who injured the plaintiff. *Latty v. St. Joseph's Soc. of Sacred Heart, Inc.*, 198 Md. App. 254, 272, 17 A.3d 155, 165 (2011). A claim alleging negligent entrustment of a vehicle must establish that the vehicle's "supplier"[22] knew or should have known that the driver would "use it in a manner involving unreasonable risk of physical harm to himself and others." *Broadwater*, 344 Md. at 554, 688 A.2d at 439.

Thus, both doctrines involve the factual question: whether KMGP knew or should have known that Walton was likely to drive the rental car drunk? If KMGP knew or should have known this fact, then KMGP negligently supervised Walton *and* negligently entrusted him with the car.[23] Because the current complaint's negligent entrustment claim alleges that KMGP knew or should have

---

[22] A "supplier" includes one who has the "right to control" the vehicle. *Broadwater v. Dorsey*, 344 Md. 548, 554-55, 688 A.2d 436, 439 (1997).

[23] *Compare Jordan v. W. Distrib. Co.*, 286 F. Supp. 2d 545, 547, 550 & n.5 (D. Md. 2003) (motorist, who was run off the road by the defendant-employer's employees, stated a Maryland negligent supervision claim by allowing the Court to infer that the "employer knew or should have known that [the employees] were likely to drive . . . under the influence" of drugs), *with Broadwater*, 344 Md. at 550-51, 562-63, 688 A.2d at 437, 443 (discussing whether the defendants had negligently entrusted a car to their son, who collided with the plaintiff, when they knew he was likely to drive recklessly because of his drug problems).

known that Walton was a dangerous driver because of his alcohol use, Tort Case, Am. Compl. ¶ 22, KMGP was on notice that it had to gather and consider facts about Wood's alleged alcohol use affecting his driving the rental car. Wood's proposed negligent supervision claim--which alleges that KMGP knew or should have known that Walton would drive drunk because he regularly drank during and after work--will rely on these same facts. *See* Tort Case, ECF No. 58, Ex. 1 ¶¶ 21-26. As Wood notes, KMGP has not explained what additional discovery is required. Tort Case, ECF No. 66 at 1. Further, no summary judgment motions about KMGP's liability have been filed, and no trial date has been set. Wood's motion to amend will be granted.

III. Conclusion

For the reasons stated above, ACE's motion to dismiss and Wood's motion to order a deposition will be denied; and Wood's motion to amend the complaint and the KMGP and ACE motions to stay will be granted.

_____
Date 8/3/11

_____
William D. Quarles, Jr.
United States District Judge