IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

JOSEPH E. WOOD,                    *

    Plaintiff,                    *

        v.                         *       CIVIL NO.: WDQ-09-3398

DEAN A. WALTON, *et al.*,          *

    Defendants.                    *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JOSEPH E. WOOD,                    *

    Plaintiff,                    *
                                           CIVIL NO.: WDQ-10-3422
        v.                         *

DEAN A. WALTON, *et al.*,          *

    Defendants.                    *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Joseph Wood sued Dean Walton and KMGP Services Company, Inc. ("KMGP") for negligence, and State Farm Mutual Automobile Insurance Company ("State Farm") for breach of contract. No. WDQ-09-3398 (the "Tort Case"). Wood also sued Walton, KMGP, and ACE American Insurance Company ("ACE") for declaratory relief. No. WDQ-10-3422 (the "Declaratory Action"). On August 4, 2011, this Court stayed and administratively closed the Declaratory Action. Decl. Action, ECF No. 33. Pending in the Tort Case is

KMGP's motion to bifurcate trial, or, in the alternative, motion *in limine* to exclude evidence of insurance matters from the presence of the jury. For the following reasons, the Court will reopen and lift the stay in the Declaratory Action, consolidate the two actions, and grant KMGP's motion to bifurcate.

I. Background

  A. Factual Background

The Tort Case and Declaratory Action arise out of an August 4, 2008, motor vehicle collision between Wood and Walton.

KMGP is a Delaware company with its principal place of business in Texas. Decl. Action, ECF No. 1 ¶ 8. In August 2008, ACE issued a business automobile insurance policy to KMGP (the "ACE policy"). Decl. Action, ECF No. 23-5 ¶ 2. The ACE policy covers an "'insured'" who is legally obligated to pay damages "caused by an 'accident' and resulting from the ownership, maintenance[,] or use of a covered 'auto.'" Decl. Action, ECF No. 2-2 at 20-21. An "insured" includes KMGP, and "[a]nyone else while using with [KMGP's] permission" a car that KMGP rents. *Id.* at 21. Under the ACE policy, KMGP must pay damages within the "Deductible Per Accident," which is $1 million. *Id.* at 41. ACE must pay only damages that exceed the Deductible Per Accident. *Id.*

In summer 2008, KMGP hired Walton as a temporary crane operator in Baltimore. Decl. Action, ECF No. 2 at 2.[1] His shift was from 7 p.m. to 7 a.m. Decl. Action, ECF No. 4-2 at 6 (16:3-6). KMGP supplied Walton with a rental car and a hotel room for his Baltimore stay. See Decl. Action, ECF No. 23-4 ¶¶ 1-3.

On August 4, 2008, Walton drove to a Baltimore bar after his shift and drank alcohol for several hours. Tort Case, ECF No. 35-3 at 34-35. Although he knew he was drunk, Walton drove back to his hotel in the rental car. Tort Case, ECF No. 42 at 2-3. Walton ran a red light and collided with Wood, who was turning through an intersection on a motorcycle. Id. at 2, 7 n.6. Wood was severely injured. Tort Case, ECF No. 48 at 1-2.[2]

B. Procedural History

On September 23 and November 13, 2009, Wood initiated the Tort Case by suing Walton for negligence, KMGP under vicarious liability and for negligent entrustment and supervision, and others in the Circuit Court for Baltimore City. Tort Case, ECF Nos. 2, 6. Wood also sued his insurer, State Farm, for failing to honor his underinsured motorist coverage ("UIM"). Tort Case, ECF Nos. 2, 6. State Farm cross-claimed against Walton and KMGP

---

[1] That year, KMGP had a company policy that prohibited employees from drinking alcohol and driving a company vehicle. Decl. Action, ECF No. 23-3 at 2, 6.

[2] Wood suffered serious leg, urological, and facial injuries. Tort Case, ECF No. 48 at 1-2.

for indemnification. Tort Case, ECF No. 27. On December 18, 2009, the Tort Case was removed to this Court on the basis of diversity jurisdiction. Tort Case, ECF No. 1. On May 21, 2010, the Court granted summary judgment to Wood on the issue of Walton's liability, finding that Walton had negligently injured Wood. Tort Case, ECF No. 43.

On October 14, 2010, Wood initiated the Declaratory Action by filing a complaint for declaratory judgment in the Circuit Court for Baltimore County against Walton, State Farm, KMGP, and ACE. Decl. Action, ECF No. 2. Wood requested that the court "determine and adjudicate the rights and liabilities of the parties" with respect to the ACE policy. *Id.* at 4. On December 6, 2010, the action was removed to this Court on the basis of diversity jurisdiction. Decl. Action, ECF No. 1. On August 4, 2011, this Court stayed and administratively closed the Declaratory Action, pending resolution of the Tort Case. Decl. Action, ECF No. 33. The Court explained:

> [T]o resolve whether the ACE [p]olicy covers Walton as a permissive user in the Declaratory Action or whether KMGP is vicariously liable for Walton's negligence in the Tort Case, it must be determined whether Walton was using the car to accomplish a KMGP-related purpose when he drove drunk and negligently injured Wood. Accordingly, the Declaratory Action and the Tort Case require resolution of the same issue of "purpose." If the Court decides that Walton was not a permissive user in the Declaratory Action, it will have found that Walton was not using the car for a business-related purpose. However, a jury might find in the

...
...

Tort Case that Walton *was* using the car for such a purpose. . . .

Decl. Action, ECF No. 32 at 12-13 (footnote omitted).  The Court concluded that a stay was necessary to prevent "such inconsistencies."  *Id.* at 13.

On February 29, 2012, the Court granted summary judgment to KMGP in the Tort Case on the vicarious liability[3] and negligent supervision claims, but denied summary judgment on the issue of negligent entrustment.  Tort Case, ECF No. 81.  Remaining in the Tort Case are:

- Wood's negligent entrustment claim against KMGP;
- Wood's contract claim against State Farm;
- Wood's proof of damages; and
- State Farm's cross-claim against Walton and KMGP.

*See generally* Tort Case, ECF Nos. 27, 70.  Trial is scheduled for March 18, 2013.  Tort Case, ECF No. 96.

On September 5, 2012, KMGP moved to bifurcate trial or, in the alternative, to exclude evidence of insurance matters from the jury.  Tort Case, ECF No. 98.  On September 24, 2012, Wood

---

[3] In granting KMGP summary judgment on the vicarious liability claim, the Court emphasized that Walton's driving a car from a bar to his hotel was "neither incident to [Walton's] duties nor conduct [Walton] was hired to perform," and that the accident occurred while Walton was off-duty and away from his work site. Tort Case, ECF No. 80 at 15.  Further, "Walton's going to the bar and driving to his hotel did not in any way serve KMGP."  *Id.* at 15-16.  The Court therefore held, as a matter of law, that Walton was not acting in the scope of his employment at the time of the accident.  *Id.* at 17.

opposed KMGP's motion. Tort Case, ECF No. 101. On September 25, 2012, State Farm opposed KMGP's motion. Tort Case, ECF No. 103. On October 11, 2012, KMGP replied to both oppositions. Tort Case, ECF Nos. 105, 106. On October 17, 2012, the Court proposed reopening and lifting the stay on the Declaratory Action. Tort Case, ECF No. 107. Wood, KMGP, and ACE timely responded. Tort Case, ECF Nos. 108, 109; Decl. Action, ECF No. 36.

II. Analysis

A. *Sua Sponte* Consolidation

1. Standard of Review

Federal courts possess inherent authority to consolidate actions that arise out of the same controversy.[4] "Cases need not share complete identity of law or facts for consolidation to be appropriate." *Leonard v. Stemtech Int'l, Inc.*, No. 12-86-LPS-CJB, 2012 WL 3655512, at *11 (D. Del. Aug. 24, 2012). The decision to consolidate is "necessarily committed to trial court discretion." *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 192 (4th Cir. 1982). When exercising this discretion, district courts should

---

[4] *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007); Fed. R. Civ. P. 42(a)(2); *see also Coyne & Delaney Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996) (stating that policies of judicial economy generally favor the consolidation of related actions).

> weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit.

*In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 371 (M.D.N.C. 2003) (*citing Arnold*, 681 F.2d at 193).

    2. The Merits

    The Tort Case and Declaratory Action arise out of the August 4, 2008 motor vehicle collision between Wood and Walton. *See generally* Tort Case, ECF No. 70; Decl. Action, ECF No. 2. With the exception of ACE, the parties in the two actions are identical.

    In the Declaratory Action, Wood sought a declaration that the ACE policy covers Walton. *See* Decl. Action, ECF No. 2 at 4; Decl. Action, ECF No. 4 at 5. In the Tort Case, Wood alleged that KMGP is vicariously liable for Walton's negligence. Tort Case, ECF No. 70. In an August 4, 2011 opinion, this Court explained that resolution of both issues would depend on whether Walton was using the car to accomplish a KMGP-related purpose when he injured Wood. Decl. Action, ECF No. 32 at 12. Accordingly, a decision in the Declaratory Action could conflict with the jury's later decision on vicarious liability in the Tort Case. *Id.* at 13. The Court therefore stayed and administratively closed the Declaratory Action. Decl. Action, ECF No.

33. On February 29, 2012, the Court granted summary judgment to KMGP in the Tort Case on the issue of vicarious liability, holding as a matter of law that Walton was not acting in the scope of his employment at the time of the accident. Tort Case, ECF No. 80 at 17. *See also generally id.* at 8-17. The two actions present common questions of law and fact; because the risk of inconsistent decisions in the two actions has been eliminated, there is no longer any reason to stay the Declaratory Action. Consolidation is appropriate. *See* Fed. R. Civ. P. 42(a)(2).[5]

---

[5] KMGP and ACE object that consolidation is "premature." Tort Case, ECF No. 109 at 1; Decl. Action, ECF No. 36 at 1. But KMGP's pending motion to bifurcate trial argues that "the issues related to insurance coverage raised by the Plaintiff in both the instant proceeding *and in the related action pending before this Court as Civil Action No.: 1:10-cv-3422 WDQ* should be resolved outside the presence of the jury." Tort Case, ECF No. 98 at 1 (emphasis added). To properly address KMGP's motion, the Court must consider these issues together.

ACE further argues that lifting the stay in the Declaratory Action risks "gross" unfairness and prejudice to ACE, which has never been a party to the Tort Case. Decl. Action, ECF No. 36 at 3. ACE's concern will be assured because the Court will allow the parties to file cross-motions for summary judgment on the issue of ACE's insurance coverage. Further, the Court will bifurcate the trial into separate tort liability and insurance coverage phases, thus providing ACE with ample time to prepare its defense.

Wood does not oppose consolidation. Tort Case, ECF No. 108. However, Wood requests the opportunity to take discovery on the issue of ACE's insurance coverage. *Id.* KMGP "would not oppose allowing the plaintiff appropriately limited discovery of ACE." Tort Case, ECF No. 109 at 2. ACE objects to Wood's request on the grounds that Wood "has admitted that no discovery is needed by filing his own summary judgment motion on coverage issues" in the Declaratory Action. Decl. Action, ECF No. 36 at

8

B. KMGP's Motion to Bifurcate

1. Standard of Review

Under Fed. R. Civ. P. 42(b),

> [f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Similar to the decision to consolidate, the decision to order separate trials is within the Court's "sound discretion." *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953). Although "complex" issues may justify bifurcation,[6] separating issues for trial "is not to be routinely ordered."[7]

2. The Merits

KMGP has moved to bifurcate the trial into a tort liability phase and an insurance coverage phase. Tort Case, ECF Nos. 98 at 1, 98-1 at 4. According to KMGP, "[t]he only evidence relating to insurance that should be put before the jury would be the fact that State Farm was Wood's insurer." Tort Case, ECF

---

3. The Court will allow the parties to brief the need for further discovery of ACE.

[6] *Shetterly v. Raymark Indus., Inc.*, 117 F.3d 776, 782 (4th Cir. 1997) (bifurcating asbestos case because numerous causation issues had to be resolved before legal theories and damages could be addressed).

[7] Fed. R. Civ. P. 42(b) advisory committee's note; *see also Classen Immunotherapies, Inc. v. King Pharms., Inc.*, 403 F. Supp. 2d 451, 461 (D. Md. 2005) (refusing to bifurcate liability and damages in a complicated patent infringement case).

Nos. 105 at 2, 106 at 2.  State Farm does not oppose bifurcation.  Tort Case, ECF No. 103 ¶ 4.  Wood objects that KMGP's written company policy and instructions to Walton "indicate[] an expansive view of 'purpose' with regard to company provided rental vehicles."  Tort Case, ECF No. 101-1 at 2.  According to Wood, the facts concerning "purpose" "include[] insurance issues," *id.* (internal quotation marks omitted), which "need to be developed at trial," *id.* at 3.

Regarding ACE's coverage, the Maryland Court of Appeals has emphasized that the "policy of the law" is "firmly against the injection in tort trials of liability insurance."  *Allstate Ins. Co. v. Atwood*, 572 A.2d 154, 159 (Md. 1990).  This is because "[t]he matter of liability insurance is irrelevant to the issue of the defendant's liability and is highly prejudicial."  *Id.*[8]  The "best" procedure to resolve coverage disputes is "a declaratory proceeding, *as part of the tort case*, initiated *after* the rendition of the jury's verdict or court's decision regarding

---

[8] *See also, e.g.*, *Cromer v. Sefton*, 471 N.E.2d 700, 704 (Ind. App. 1984) ("To permit intervention by the insurer to litigate coverage in the principal tort case against its insured would distract the trier and literally force the plaintiff to become embroiled in a matter in which []he does not yet have an interest."); *State ex rel. Mid-Century Ins. Co. v. McKelvey*, 666 S.W.2d 457, 459 (Mo. App. 1984) (stating that the defense would be "encumbered by the overhanging issue of policy coverage"); *Strickland v. Hughes*, 160 S.E.2d 313, 317 (N.C. 1968) ("[P]laintiff initially has no right to maintain an action against [the insurer].  He can do so only after the liability of [the defendant] to plaintiff has been determined by judgment.").

liability." *Id.* at 162 (emphases added).[9] Regarding State Farm's coverage, Maryland courts have similarly held that--although the jury can be aware that the UIM carrier is a party--"[t]he policy itself . . . should not be introduced, where limits are not at issue, because unfair prejudice from disclosing limits outweighs probative value." *King v. State Farm Mut. Auto. Ins. Co.*, 850 A.2d 428, 432 (Md. Ct. Spec. App. 2004).

For convenience and to avoid prejudice, the trial will be bifurcated. At phase one, the jury will consider Wood's negligent entrustment claim against KMGP and the amount of damages to which he is entitled. At phase two, State Farm's and ACE's insurance liability, if any, will be determined.[10]

---

[9] With respect to Wood's objection, as discussed above, the Court initially stayed the Declaratory Action because both actions "require[d] resolution of the same issue of 'purpose.'" Decl. Action, ECF No. 32 at 12-13. However, that issue has since been resolved by this Court. *See* Tort Case, ECF No. 80 at 15-17 (stating that Walton's "going to the bar and driving to his hotel" did not "in any way serve" KMGP and holding--as a matter of law--that Walton was not acting in the scope of his employment at the time of the accident). By allowing the jury to reconsider the issue of "purpose," as Wood appears to demand, the Court would risk the conflict of outcomes that it sought to avoid by staying the Declaratory Action.

[10] The Court will not now decide whether Wood is entitled to a jury trial on the insurance coverage issues. The Court will make this decision, if necessary, after trial of the tort claims.

III. Conclusion

For the reasons stated above, the Court will reopen and lift the stay on the Declaratory Action, consolidate the two actions, and grant KMGP's motion to bifurcate.

_____12/6/12_____  
Date

_____/s/_____  
William D. Quarles, Jr.  
United States District Judge